UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIEN BUI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-1530-CAB-WVG<br><br>**ORDER ON MOTION FOR JUDGMENT ON PLEADINGS**<br><br>[Doc. No. 16] |

This matter is before the Court on a motion for judgment on the pleadings by Defendant Mercedes-Benz USA, LLC ("MBUSA"). The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted.

**I.　Background**

On May 26, 2020, Plaintiff filed this lawsuit in San Diego County Superior Court. The complaint purports to assert three state law claims, including two under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), and one common law "fraudulent inducement – concealment" claim, arising out of alleged defects in a 2017 Mercedes-Benz GLS450 automobile (the "Vehicle") that Plaintiff purchased in May or June 2017. [Doc. No. 1-3 at 11-19.] The complaint alleges that Plaintiff took the Vehicle for service at least three times related to "issues with bad smell from air conditioning." [*Id.* at 12, ¶ 10.] This issue, however, was never adequately repaired. [*Id.* at 13, ¶ 12.] The

complaint contains no other factual allegations concerning the details of this alleged defect or the alleged failure to repair it. On August 7, 2020, MBUSA removed the case to this Court on the basis of diversity jurisdiction. MBUSA had filed an answer to the complaint while it was still in state court, and now it moves for judgment on the pleadings with respect to the fraudulent inducement claim and Plaintiff's prayer for punitive damages.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal quotation marks and citation omitted). Thus, "[a]s under a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999)).

## III. Discussion

MBUSA's motion argues that the complaint fails to plead the fraudulent inducement claim with adequate specificity under Federal Rule of Civil Procedure 9(b) and that the claim is barred by the economic loss rule. The motion also argues that Plaintiff is not entitled to punitive damages because the fraud claim fails and because the complaint does not allege facts supporting a request for punitive damages. Finally, the motion argues that Plaintiff's request for repurchase or replacement for breach of implied warranty is not permitted as a matter of law. Each argument is addressed in turn.

### A. Failure to Plead Fraud With Particularity Under Rule 9(b)

Under California law, "[t]he elements of fraudulent concealment are '(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose

the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.'" *Dent v. Nat'l Football League*, 902 F.3d 1109, 1125 (9th Cir. 2018) (quoting *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 189 Cal. Rptr. 3d 31, 60 (Cal. Ct. App. 2015)). Among other things, MBUSA argues that the complaint fails to plead with particularity that it knew of the defect alleged in the complaint or that it had a duty to disclose that defect.

In his opposition, Plaintiff argues that he is not required to plead his fraudulent concealment claim with specificity. Plaintiff is mistaken. "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). To that end, "[i]t is established law . . . that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Id.* at 1103. "'[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess*, 317 F. 3d at 1103. "Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)." *Id.* at 1127; *see also Madani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 3753433, at *7 (N.D. Cal. Aug. 8, 2019) ("[F]raudulent concealment must be pleaded with particularity under Federal Rule of Civil Procedure 9(b).").

According to his opposition brief, Plaintiff's fraudulent concealment claim is premised on MBUSA's purported failure to disclose the "defective nature of [the Vehicle's] air conditioning system." [Doc. No. 17 at 8.] "When a claim rests on allegations

3

of fraudulent omission, the Rule 9(b) standard is somewhat relaxed because a plaintiff cannot plead either the specific time of an omission or the place, as he is not alleging an act, but a failure to act. Nonetheless, a plaintiff alleging fraudulent omission or concealment must still plead the claim with particularity." *Lessin v. Ford Motor Co.*, No. 319CV01082AJBAHG, 2020 WL 6544705, at *10 (S.D. Cal. Nov. 6, 2020) (internal quotation marks and citation omitted). In light of this "relaxed" standard, "to successfully allege fraudulent concealment of an automobile defect, Plaintiffs need only allege facts raising a plausible inference that Defendant knew of the defect at the time of the sale." *Benkle v. Ford Motor Co.*, No. SACV161569DOCJCGX, 2017 WL 9486154, at *5 (C.D. Cal. Dec. 22, 2017) (internal quotation marks and citation omitted). However, "Plaintiffs are still required to plead the 'what,' 'why,' and 'how' to establish a claim based on fraud." *Lessin*, 2020 WL 6544705, at *10. Further, "[t]o comport with Rule 9(b), a plaintiff alleging the existence of a duty to disclose must offer specific substantiating facts demonstrating that the defendant has exclusive knowledge about an alleged defect—not merely that the defendant has a superior understanding about the product's design generally." *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *6 (N.D. Cal. June 20, 2013) (internal quotation marks and citation omitted).

The complaint here contains only a conclusory statement that "Defendant had knowledge that the air conditioning system contained a defect or defects which resulted in malodorous odors emanating from the air conditioning system." [Doc. No. 1-3 at 18, ¶ 36.] This solitary conclusion constitutes the entirety of the allegations supporting the fraudulent concealment claim. The complaint lacks any factual allegations that raise a plausible inference for this conclusion that MBUSA knew of this defect.[1] *See Shamamyan v. FCA*

---

[1] The opposition attempts to frame this air conditioning issue as a design defect common to the type of Vehicle he purchased. The complaint, however, contains no factual allegations supporting this argument. To the contrary, the only plausible inference from the complaint is that the specific Vehicle Plaintiff purchased had an air conditioning problem specific to that Vehicle only. It is therefore implausible based on the allegations in the complaint to infer that anyone at MBUSA knew that Plaintiff's specific Vehicle

4

*US LLC*, No. CV195422DMGFFMX, 2020 WL 3643481, at *8 (C.D. Cal. Apr. 1, 2020) (dismissing fraud claim based on failure to disclose premature oxidation of vehicles manufactured by defendant); *cf. Benkle*, 2017 WL 9486154, at *5 (holding complaint adequately pled concealment of vehicle defect based on allegations of thousands of consumer complaints).

Nor does the complaint allege how or why MBUSA had a duty to disclose this alleged defect. "[A] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012) (citation omitted); *see also Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006)). The complaint does not allege any affirmative representations by MBUSA concerning the air conditioning system, or any allegations supporting the conclusion that MBUSA knew of this alleged defect at the time of the sale of the Vehicle. Nor are there any allegations as to how or why the alleged odor coming from the air conditioning created a safety issue that MBUSA had a duty to disclose.[2] Indeed, the complaint is so lacking in factual allegations supporting the fraudulent concealment claim that it does not even satisfy the lesser pleading requirements of Rule 8, let alone the specificity required by Rule 9(b). Accordingly, MBUSA is entitled to judgment on the pleadings on this claim for this reason alone.

### B.  Economic Loss Rule

Even if the complaint adequately pled fraudulent concealment under Rule 9(b), the claim is subject to dismissal pursuant to the economic loss rule. "The economic loss rule

---

was going to have air conditioning problems prior to Plaintiff purchasing the Vehicle and that they actively concealed that problem to induce Plaintiff to purchase the Vehicle.

[2] The complaint contains a conclusory allegation that "the vehicle is defective and unsafe," [Doc. No. 1-3 at 18, ¶ 41], but contains no allegations as to how or why a bad smell from the air conditioning is a safety issue. In the opposition brief, Plaintiff contends that the defect could arise from mold growth, but then he effectively concedes that he is merely engaging in speculation by acknowledging that "at best, the odor is an annoyance." [Doc. No. 17 at 5.] Regardless, the complaint lacks any factual allegations of mold or other safety issues related to the bad smell from the air conditioning.

requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988, 102 P.3d 268, 272 (2004). "Thus, in actions arising from the sale or purchase of a defective product, plaintiffs seeking economic losses must be able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence." *Hsieh v. FCA US LLC*, 440 F. Supp. 3d 1157, 1162 (S.D. Cal. 2020) (internal quotation marks and citation omitted). "Numerous California federal courts sitting in diversity have applied the economic loss rule to prohibit a follow-on fraudulent inducement claim in run-of-the-mill Song-Beverly Act warranty breach actions." *Kelsey v. Nissan N. Am.*, No. CV 20-4835 MRW, 2020 WL 4592744, at *2 (C.D. Cal. July 15, 2020) (citing cases).

Plaintiff argues that the economic loss rule does not apply based on an exception created in *Robinson*. In *Robinson*, the California Supreme Court held that the economic loss rule did not bar the plaintiff's affirmative misrepresentation claims because they were independent of the alleged breach of contract, and because those misrepresentations exposed the plaintiff to personal liability and members of the public to harm. *Robinson Helicopter Co.*, 34 Cal. 4th at 991. "Although *Robinson* permitted a claim for fraud, its holding does not apply to every fraud claim between contracting parties. The *Robinson* court emphasized that its holding was 'narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss.'" *Alexsam Inc. v. Green Dot Corp.*, No. 215CV05742CASPLAX, 2017 WL 2468769, at *5 (C.D. Cal. June 5, 2017) (citing *Robinson*, 102 P.3d at 276).

Indeed, *Robinson* explicitly did not address application of the economic loss rule to a fraudulent concealment or omission claim. *See Robinson*, 34 Cal. 4th at 991 (noting that the court "need not address the issue of whether [Defendant's] intentional concealment

constitutes an independent tort"). Thus, "[w]hile there is some conflict in the law, *Robinson* and the weight of authority within the Ninth Circuit suggest that the economic loss rule applies to fraudulent omission claims under California law." *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 1955643, at *24 (N.D. Cal. Apr. 23, 2020) (granting summary judgment on fraudulent omission/concealment claim based on economic loss doctrine).

Here, the complaint does not allege any personal injury to Plaintiff or damage to physical property (independent of the Vehicle itself). To the contrary, the only allegations of harm caused by the alleged omission was that Plaintiff purchased the Vehicle that he would not have otherwise purchased. [Doc. No. 1-3 at 18, ¶ 39.] Nor does the complaint allege facts supporting a plausible inference that MBUSA had any general duty to disclose the alleged air conditioning defect regardless of whether Plaintiff purchased a vehicle, meaning any omissions were not independent of any warranties related to the actual purchase.[3] Accordingly, the economic loss rule bars Plaintiff's fraudulent concealment claim, and because Plaintiff's damages are strictly economic and arise out of the same conduct as the breach of warranty claims, no amendment to the complaint would be able to avoid this outcome. *See Hsieh*, 440 F. Supp. 3d 1157, 1163 (S.D. Cal. 2020) (dismissing fraud claim without leave to amend because the fact that the lawsuit involved "alleged omissions, not affirmative misrepresentations [precluded] Plaintiff's ability to avoid the economic loss rule.").

---

[3] If the complaint alleged that MBUSA made affirmative misrepresentations to induce Plaintiff to purchase the vehicle, the outcome here might be different because the element of a duty to disclose is not an element of fraud based on an affirmative misrepresentation. Because duty to disclose is an element of Plaintiff's fraudulent concealment claim, and to the extent there was any such duty, it existed solely as a result of Plaintiff's purchase of a vehicle manufactured by MBUSA, Plaintiff's fraudulent concealment claim is dependent on MBUSA's alleged breach of any warranties by failing to repair the air conditioning and barred by the economic loss rule.

### C. Punitive Damages

In his opposition, Plaintiff makes no argument that his punitive damages claim can survive if his fraudulent concealment claim does not. Accordingly, any such argument is waived. Because the fraudulent concealment claim is dismissed, Plaintiff's prayer for punitive damages related to the fraudulent concealment claim is dismissed as well.

### D. Repurchase or Replacement Remedy For Breach of Implied Warranty

Finally, MBUSA argues that Plaintiff is not entitled to repurchase or replacement of the Vehicle as a remedy for the breach of implied warranty claim. Although the complaint explicitly demands such a remedy for breach of implied warranty [Doc. No. 1-3 at 15, ¶ 20], Plaintiff appears to concede that such a remedy is allowed only for a breach of express warranty claim, which he also asserts in the complaint. Accordingly, the motion is granted with respect to the request for repurchase or replacement of the Vehicle for breach of implied warranty. Plaintiff's demand for repurchase or replacement related to his breach of express warranty claim remains in the case.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that MBUSA's motion for judgment on the pleadings is **GRANTED**. The third claim for fraudulent inducement – concealment and prayer "F" for punitive damages are **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: January 25, 2021

Hon. Cathy Ann Bencivengo
United States District Judge